IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 14-158 |
| | ) | |
| ZUNED SUNESRA | ) | |

**DEFENDANT ZUNED SUNESRA'S OPPOSITION TO
SUPPLEMENT TO GOVERNMENT'S MOTION IN OPPOSITION TO BOND**

Defendant Zuned Sunesra by and through his undersigned counsel opposes the Government's Supplement to Motion in Opposition to Bond on the following grounds:

**I.　Introduction and Factual Background**

1.　On Thursday, November 20, 2014, the parties appeared before Chief Magistrate Judge Maureen P. Kelly for a hearing on Defendant's Motion for Pretrial Release on Conditions, after which the Court reserved ruling.

2.　On Friday, November 21, 2014, at the Court's direction, undersigned counsel provided a letter and supporting information outlining the current market value (in excess of $500,000) of four properties the Defendant's family could post to assure his appearance as required.

3.　Later that afternoon, the government filed a "Supplement to Motion in Opposition to Bond," by which the government objected to the anticipated failure of the Defendant to comply with procedural requirements for posting real estate to secure a bond. The government also requested an additional hearing pursuant to Second Circuit law to explore the nature of the property the Defendant's family had offered to post.

4.　The government's Supplement lacks merit.

## II. Legal Argument

5.  Defendant Zuned Sunesra has been detained since his arrest on August 15, 2014.

6.  Counts 1 through 10 and 18 of the Superseding Indictment charge felony conspiracy and substantive violations of the Food, Drug and Cosmetic Act, the mail and wire fraud conspiracy statute, and money laundering, all of which require a finding of specific intent by the defendant either to defraud the FDA or to defraud consumers. 18 U.S.C. §371, 21 U.S.C. §§333(a)(2), 18 U.S.C. §§1349 and 1956(a)(2)(A) and (h).

7.  At the detention hearing on Thursday November 20, 2014, Special Agent Neal Bandzak could not identify any evidence of specific intent to defraud by Defendant Zuned Sunesra. He initially cited an e-mail identified as Government Exhibit OO and asserted that it showed the FDA had warned Defendant Zuned Sunesra not to export generic medicine from India into the United States. On cross examination, Agent Bandzak conceded that the operative language in the e-mail appeared on page 22 of a 23 page email forwarded to the Defendant. Page 22 contains an e-mail sent from CDER, the FDA's Center for Drug Evaluation and Research, which advised that the FDA did not regulate the importation of generic drugs from India to the United States. CDER instead advised that imports fell instead within the purview of U.S. Customs:

> We do not have any procedures or licensing process to provide to you that will allow you to import medication from India. U.S. Customs visually inspects imported drugs at the time of entry. If they have a question regarding the drugs they will contact you.

(Government Exh. OO, at p. 22).

8.  Agent Bandzak also cited statements on the pharmacy websites that the medicines for sale were FDA approved. The websites and course of dealing, however, made clear at checkout and upon delivery that the prescription medicines were Indian generic versions of brand medicines. Defense Exhibit 2 depicts a screen shot of a video clip taken by undercover agents. The screen shot shows the medicines were marked "generic" at checkout. The website also did not conceal that the

generic medicines come from India. A testimonial from a satisfied customer stated: "The medications have come from India and have arrived within 2 weeks of placing my order." (Government Exh. XX, at p. 107). An answer to a FAQ made clear the drugs were generic and not from the United States: "[W]e have to provide content names on the Custom's label. These are generic brand names and not US brand names." (Id. at p. 27). Finally, the medicine packaging, envelopes, and customs declarations made clear the generics were manufactured in and sent from India. (Government Exh. J, at pp. 11-13, 17, 19-20, 23).

9. The government has failed to meet its burden of showing the weight of the evidence against Defendant is strong on the essential element of specific intent to defraud as required by 18 U.S.C. §3142(g)(2).

10. The evidence against the Defendant with respect to remaining Counts 11 through 17 is also not strong, but by now this issue is moot—Defendant has already served the sentence recommended by the Sentencing Guidelines. The advisory sentence recommended by the U.S. Sentencing Guidelines for these Counts is 0-6 months imprisonment or probation. Counts 11 through 17 allege a conspiracy to import nonnarcotic Schedule IV controlled substances and substantive offenses of importation and distribution in violation of 21 U.S.C. §§963, 952(b), 960(a)(1), 960(b)(6), 841(a)(1) and 841(b)(2). The Sentencing Guidelines call for a base offense level 4 pursuant to Guidelines §2D3.2 because these offenses are regulatory in nature. At most, the Sentencing Guidelines call for a base offense level 6 pursuant to §2D1.1(a)(5) and (c)(17) if the sentencing court concludes these offenses constituted drug trafficking. A base offense level 6 applies to the distribution of less than 16,000 units of Schedule IV nonnarcotic controlled substances. But whether a base offense level 4 applies (regulatory drug offenses) or a base offense level 6 (trafficking in nonnarcotic Schedule IV controlled substances), the end result is the same: 0-6 months imprisonment, Zone A, with probation authorized. Defendant has already served more

than half of the recommended Guidelines imprisonment range and by definition will not be able to avail himself of the discretion afforded to the sentencing judge to impose probation if convicted.

11. By separate pretrial motion, the government has moved pursuant to 18 U.S.C. 3161(h)(7) to exclude at least one year under the Speedy Trial Act (with leave to seek additional, indefinite delays of trial) for the commencement of trial on the asserted grounds that: (a) the case is complex; and (b) the government will need additional time to review evidence it expects to receive once it makes additional requests for international assistance. (Government's Motion to Exclude Time, Doc. # 62, at ¶¶5 & 10).

12. It is in this context—a failure to show strong evidence of specific intent, imprisonment already for more than half the recommended Guidelines range for the drug counts, and a request for long delays under the Speedy Trial Act—that the government has opposed pretrial release on conditions and, by its Supplement, now seeks to delay further the release of the Defendant in the event the Court orders the Defendant released on conditions.

13. Paragraphs 4-6 of the government's Supplement assert that the Defendant has failed to follow the procedures under the Federal Rules of Criminal Procedure and Local Criminal Rules for posting bond. The government's objection is premature. The Defendant will comply with all applicable rules if and when the Court orders the pretrial release of the Defendant on conditions.

14. The government's reliance on United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966) is misplaced:

    a. Nebbia, a Second Circuit case, does not control this Court. See United States v. Khoshnevissan, No. CR. 87-132-01, 1987 WL 8557, at *1 (E.D. Pa. Mar. 26, 1987), aff'd sub nom., U.S. v. Aguirre-Valenzuela, 853 F.2d 921 (3d Cir. 1988) and, aff'd, 853 F.2d 922 (3d Cir. 1988) ("The government requests a hearing pursuant to Nebbia. No cases are cited from the Court of

Appeals for the Third Circuit, and I am not, therefore, bound by <u>Nebbia</u>, and I decline to adopt its reasoning.").

  b. <u>Nebbia</u> involved materially different facts.  Nebbia claimed that he lacked funds to make bail, and then posted bail a few hours later.  This sudden shift in tactics gave the prosecution pause as to whether the bail would actually secure his appearance as required.  357 F.2d at 305.  The government requested a hearing as to the adequacy of the bail posted, but the district court denied the motion as a matter of law on the belief that it lacked discretion to hold the hearing.  <u>Id</u>.  The Second Circuit reversed and remanded, holding that the district court had the discretion to hold a hearing.  <u>Id</u>.  Even if this Court were inclined to follow <u>Nebbia</u>, the facts of the instant case would not warrant a hearing.  Defendant Zuned Sunesra has consistently made clear that he and his family will collectively offer resources to assure his appearance as required.  He has not suddenly changed course, as the defendant in <u>Nebbia</u> had.

  c. While the Third Circuit has not spoken, other Circuits have refused to follow <u>Nebbia</u>.  In <u>United States v. O'Brien</u>, 895 F.2d 810 (1st Cir. 1990), a defendant indicted for cocaine trafficking obtained pretrial release on the condition that he post his Virginia home as security.  <u>Id</u>. at 810-11.  The defendant then attempted to offer substitute property for surety because the Virginia property belonged to his wife, was held in "moral trust" for her children, and required her ex-husband's approval.  <u>Id</u>. at 811.  The government responded by seeking a <u>Nebbia</u>-type hearing regarding the suitability of the Virginia property due to the apparent misrepresentations the defendant had made regarding its availability.  The United States Magistrate Judge denied the government's request, the district court affirmed, and the government appealed.  <u>Id</u>. at 817.  The First Circuit upheld the denial of a hearing and distinguished <u>Nebbia</u>, in part, on the facts: "<u>Nebbia</u> concerned a defendant who repeatedly had claimed to be unable to post bail of $100,000.  Only a few hours after the last denial of his motion to reduce bail, the defendant presented a cashier's check

in the full amount." The First Circuit also upheld the discretion of the United States Magistrate Court not to hold a hearing. The government did not have a right to a hearing as a matter of law. Id. The First Circuit further "decline[d] to require a district court to hold a hearing every time the government requests one where a defendant has met the conditions set by the court for release." Id. at 817-18.

15. Various members of the defendant's family have offered to post properties with an aggregate value greater than $500,000. None of the properties have liens. The Defendant has never suggested that he or his family do not have the means to post bail. Finally, the Defendant's family could substitute the three Florida properties with an aggregate value of approximately $250,000 with $250,000 in cash if the Court shares the government's concern that these properties will not assure the appearance of Defendant Zuned Sunesra as required because the Florida properties are partly owned by his brother, co-defendant Javed Sunesra. The substitution of the Florida properties for cash, however, will require additional time.

**III.     Conclusion**

WHEREFORE, for the reasons set forth above, Defendant Zuned Sunesra respectfully requests this Court to grant his Motion for Pretrial Release on Conditions.

Respectfully submitted,

/s/ Charles Kelly
Christopher R. Hall, Esquire (PA ID No. 64912)
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Tel.: (215) 972-7777
Fax: (215) 972-7725
chall@saul.com

Charles Kelly, Esquire (Pa ID No. 51942)
Michael J. Joyce, Esquire (PA ID No. 311303)
SAUL EWING LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Tel.: (412) 209-2500
Fax: (412) 209-2590
ckelly@saul.com
mjoyce@saul.com

*Counsel for the Defendant, Zuned Sunesra*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Opposition to Government's Supplement to Motion in Opposition to Bond has been served on this 24th day of November, 2014, upon the following parties via the Court's CM/ECF System, and is otherwise available for viewing and downloading on the CM/ECF System:

Eric Rosen, Esq.
Conor Lamb, Esq.
United States Attorneys' Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
*(Counsel for the United States of America)*

---

Thomas Livingston, Esq.
Federal Public Defender
Western District of Pennsylvania
1500 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222-3714
*(Counsel for Defendant, Taimur Khan)*

/s/ Charles Kelly
Christopher R. Hall, Esquire (PA ID No. 64912)
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Tel.: (215) 972-7777
Fax: (215) 972-7725
chall@saul.com

Charles Kelly, Esquire (Pa ID No. 51942)
SAUL EWING LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Tel.: (412) 209-2500
Fax: (412) 209-2590
ckelly@saul.com

*Counsel for the Defendant, Zuned Sunesra*