```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


    UNITED STATES OF AMERICA     )
                                 )
              V.                 )  CRIMINAL NO. 14-158
                                 )
         ZUNED SUNESRA           )
                                 )
```

**GOVERNMENT'S MOTION FOR CONDITIONAL APPROVAL OF**

**RULE 15 DEPOSITIONS**

AND NOW, comes the United States of America, by and through David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Eric S. Rosen, Assistant United States Attorney for said district, and respectfully files this motion seeking conditional permission for the deposition of prospective material witnesses pre-trial as contemplated by Federal Rule of Criminal Procedure 15 (hereinafter, "Rule 15").

1.   As the Court is aware, this case involves the alleged large-scale importation of controlled and non-controlled drugs from India into the United States.  As set forth in the Second Superseding Indictment, Defendant Zuned Sunesra, together with his co-defendants, operated a number of websites which distributed these drugs into the United States from India.

2.   These websites, which included URLs such as shopeastwest.com, superdrugsaver.com, nobledrugstore.com, emedoutlet.com, and others, were essentially large-scale

1

internet businesses.  Although managed by the charged defendants, these businesses employed a number of different people who: updated and managed the websites, packaged the drugs for sale, shipped the drugs overseas, and answered customer emails and complaints.  These persons, who were employed by Defendant and his co-conspirators, but whose conduct did not rise to the level of being indictable co-conspirators, are largely located outside of the United States, in countries such as Serbia and India.

    3.    The United States has no power to compel foreign witnesses to appear in the United States for trial, and therefore, the United States is now taking the appropriate steps to secure these witnesses' testimony in their home countries in advance of trial, as contemplated by Rule 15.  These depositions will be recorded on video, and preserved for later viewing at trial.

    4.    Accordingly, the United States now moves for this Court's conditional permission to take witnesses' testimony overseas, as permitted under Rule 15.

**A.**    <u>Legal Standard</u>

    5.    Rule 15(a) provides that a "party may move that a prospective witness be deposed in order to preserve testimony for trial."  Further, a court "may grant the motion because of

exceptional circumstances and in the interest of justice." *See United States v. Johnpoli*, 739 F.2d 702, 709 (2d Cir. 1984) (exceptional circumstances exist if witness's testimony is material and the witness is unavailable); *United States v. Singleton*, 460 F.2d 1148, 1154 (2d Cir. 1972) (same). The Rule further provides that the Government must give notice in advance to opposing counsel (Rule 15(b)(1).

    6. Critically, the Rule provides for a mechanism for overseas depositions of critical witnesses without the defendant's presence. See Rule 15(b)(3). Specifically, the Court must find that: "the witness's testimony could provide substantial proof of a material fact in a felony prosecution;" that "there is a significant likelihood that the witness's attendance at trial cannot be obtained"; that the "witness's presence for a deposition in the United States cannot be obtained"; that the defendant cannot be present because "secure transportation and continuing custody cannot be assured at the witness's location; and finally, that the defendant "can meaningfully participate in the deposition through reasonable means."

**B.** **Material witnesses to be deposed pursuant to Rule 15**

    7. While the defendants' business employed dozens of persons (and hence numerous witnesses), the Government has, at

3

this time, culled the list of potential material witnesses located overseas down to four persons, three of whom reside in India and one of whom resides in Serbia.[1]

8.  <u>Dejan Jaksic</u>: Jaksic is a resident of Belgrade, Serbia, who, for multiple years, worked for Zuned Sunesra directly, and utilized the email address paul.d@livemedsupport.com to provide customer support for Defendant's illegal pharmacy business.  Law enforcement has recovered thousands of emails written by Jaksic, as well as emails between Defendant and Jaksic.  Jaksic's testimony is important to the Government's case.  As the Court is aware, one of the major issues in this case is whether Defendant had the intent to defraud and mislead consumers, and as the Court recalls from the detention appeal, both parties referenced an email at the hearing where Jaksic, in asking for a raise, stated that he was "basically lying for the company every single day," to which Defendant's response was, "I understand this."  *See* Doc. 106, Ex. 6.  Thus, given that there is significant dispute between the parties as to whether Defendant possessed the requisite intent to defraud or mislead, Jaksic will be a material witness at trial.

---

[1] The Government reserves the right to file for additional Rule 15 motions should the Government discover the need for additional material witness testimony.

4

9.  <u>Shirin Bharucha</u>: Bharucha, a resident of Pune, India, utilized the email address shopeastwest2@hotmail.com as part of her duties when she worked for the Sunesras.  Bharuch's testimony will be critical because she primarily worked with customers of the Internet pharmacies, and she was well-versed in the fraudulent statements regarding the origins of the drugs sold by the Sunesras, and the statements made by the Sunesras which induced customers to purchase these drugs.  Further, Bharucha was an integral part of the operation of "MyGiftCard.biz," which was a fake website set up the Sunesras to hide the fact that these websites were selling drugs to U.S. customers.  This website was designed to make it look as if customers were purchasing gift cards instead of drugs.  Accordingly, Bharucha will be a critical witness as to the fraud charges in the trial of Zuned Sunesra.

10. <u>Sandeep Bhansali</u>: Bhansali, a resident of Mumbai, India, utilized the email address Sandeep@nayasasoftec.com throughout the duration of this conspiracy.  Bhansali's role was largely that of web manager and technical contact.  In that role, Bhansali helped distribute drugs to customers in the United States, and he further helped design and monitor the illegal websites.  Bhansali has direct knowledge of Zuned and Javed's leadership roles in the emedoutelt.com organization, and he can testify as to how they conspired to build businesses that

distributed illegal drugs into the United States, while knowing that what they were doing was illegal.

Parul Kakkad: Kakkad, a resident of Mumbai, India, utilized the email address shopemed@hotmail.com as part of her duties as an employee for Javed and Zuned Sunesra.  In her capacity as an employee, Kakkad managed the illegal pharmacy website "emedoutlet.com" as well as a number of other websites owned by the Sunesras.  Law enforcement has conducted multiple search warrants on the email address shopemed@hotmail.com and has discovered that Kakkad was intricately involved in the operation of the illegal websites.  In that regard, Kakkad appears to have personal knowledge of the fact that these websites sold controlled substances, that the websites sold drugs without requiring prescriptions, that the websites sold drugs into the United States that were not FDA approved, and that the websites falsely advertised the quality of the sold drugs on their websites.  Further, the Sunesras also "hid" drugs on their websites to protect themselves from FDA enforcement and to deceive the payment processors of the websites.  Kakkad was involved in this process, and will therefore be a material witness on the criminality of the websites, and she can further testify as to which defendants were responsible for these criminal actions.

C.     **Application to circumstances here**

11.    As an initial matter, it is clear that even though Defendant cannot physically be brought to Serbia and India by the Marshals, and kept in secure custody during the transportation and during the proceedings, *see United States v. Abu Ali*, 528 F.3d 210, 239 (4th Cir. 2008) (discussing myriad of reasons why transporting a defendant overseas for in-person depositions is impractical), Defendant's attorney will be given an opportunity to attend in person, and Defendant himself will be permitted to view the proceedings and contribute to the questioning of the witnesses via video conference. *See United States v. Gifford*, 892 F.2d 263 (3d Cir. 1989) (Rule 15 depositions of witnesses in Belgium were proper when the defendant's counsel attended depositions in person, and the defendant was able to confer with attorney via private line and was able to listen by testimony); *United States v. Kelly*, 892 F.2d 255 (3d Cir. 1989) (same).  Further, given that Defendant has three attorneys, two attorneys could be with him in the United States at the time of the depositions, while one could travel overseas to take the deposition.  This would further lessen any prejudice to the defendant.  *Abu Ali*, 528 F.3d at 239 (approving of Rule 15 deposition conducted via video link, where two attorneys traveled overseas for deposition, and one remained with the defendant in Virginia).

7

12.   Further, it is well-settled that because these witnesses reside overseas, the Government has no power to compel these witnesses to attend proceedings in the United States.  *See Kelly*, 892 F.2d at 255; *United States v. Salim*, 855 F.2d 944, 952 (2d Cir. 1988) (unavailability due to the witness's imprisonment in a foreign country); *United States v. Sindona*, 636 F.2d 792, 803-04 (2d Cir. 1980) (unavailability because the witnesses were not subject to subpoenas and either had refused to come to the United States or lacked the necessary travel documents); *United States v. Mostafa*, 14 F.Supp.3d 515 (S.D.N.Y. 2014) (granting motion for Rule 15 deposition, and ruling that foreign witness who refuses to come to the United States is unavailable); *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) (reversing district court's denial of government's request to depose 13 witnesses in Italy, where the witnesses would be unavailable at trial and their testimony was material); *United States v. Jefferson*, 594 F.Supp.2d 655, 666 (E.D. Va. 2009) (as a Nigerian citizen, the witness is "beyond the subpoena power of American courts").

13.   The Government frames this as a motion for a conditional granting of Rule 15 depositions on the advice of counsel at the Department of Justice's Office of International Affairs ("OIA").  In that regard, the Government has filed Mutual Legal Assistance Treat ("MLAT") requests with Serbia and

8

India to seek these Governments to compel their citizenry to testify in the United States in this matter.  Counsel for OIA has indicated that it is highly unlikely that foreign governments will force citizens to testify in the United States.

14.  Further, the Government will reach out and attempt to secure the testimony of the material witnesses in the United States on a voluntary basis.  The United States will pay travel expenses for these witnesses to come to the United States to testify voluntarily.  However, once again, counsel for the Government has been advised that it is unlikely said witnesses will do so.  Further, given the nature of this case and the witnesses' relationships with Defendant and his family, the Government does not believe that said witnesses will voluntarily testify in this matter.  *Johnpoli*, 739 F.2d at 709 ("Unavailability is to be determined according to the practical standard of whether under the circumstances the [party seeking to take the deposition] has made a good-faith effort to produce the person to testify at trial.").

15.  Thus, the Government is seeking approval from this Court to conduct Rule 15 depositions of the abovementioned witnesses subject to further certification by the Government that it has attempted to voluntarily secure the attendance of the witnesses for trial in the United States.  *See, e.g.*,

*Drogoul*, 1 F.3d at 1553 (showing of unavailability "need not be conclusive before the deposition can be taken" … because "it would be unreasonable and undesirable to require the [party seeking the deposition] to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition"). *Sindona*, 636 F.2d at 804 (Proper for the court to accept the oral representations of counsel with respect to the unavailability of a witness). The Government believes that the pre-emptive filing and granting of this motion will save the parties significant time later on, as counsel for the Government has been told that obtaining authorization from foreign governments to conduct such depositions on their soil can take a few months.

D.  **Speedy Trial –18 USC 3161(h)(8)**

16.  The Government notes that under Title 18, United States Code, Section 3161(h)(8), the Speedy Trial Act provides for a continuance of a "period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding … that an official request … has been made for evidence of any such offense … [that is] in such foreign country."

17.  As an initial matter, the Government is not requesting a delay of one year. After speaking with attorneys from OIA, the Government believes that as requests have been made through

the MLAT process, these four depositions can be scheduled for late spring or early summer.  As noted, OIA has advised that these depositions can take a few months to set up, as they require the concurrence of foreign governments.  Thus, although the Government is not seeking a one-year period of delay, the Government respectfully asks that this Court take into account this issue of Rule 15 depositions in deciding the Government's complex case motion and in setting this case for trial.

          Respectfully submitted,

          DAVID J. HICKTON
          United States Attorney


          <u>s/Eric S. Rosen</u>
          Eric S. Rosen
          Assistant U.S. Attorney
          U.S. Post Office & Courthouse
          Suite 4000
          Pittsburgh, PA  15219
          (412)644-3500 (Phone)
          (412)644-2645 (Fax)
          eric.rosen@usdoj.gov
          NY ID No. 4412326