**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal Action No. 14-158 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| ZUNED SUNESRA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

AND NOW, this 5th day of October, 2015, upon consideration of Defendant Zuned

Sunesra's Motion for Relief from Misjoinder of Count 24 (**Doc. 146**), it is hereby ORDERED

that said Motion is DENIED.

Count 24 of the Third Superseding Indictment charges Defendant Zuned Sunesra

("Defendant") with obstruction of justice, in violation of 18 U.S.C. § 1503.  Defendant argues

that because the conduct that gave rise to the charge in Count 24 occurred during a different time

period from the conduct that gave rise to the remaining charges in the Third Superseding

Indictment, Count 24 is improperly joined.  See generally, Def.'s Mot. for Relief from

Misjoinder (Doc. 146).

An obstruction of justice charge is properly tried together with the underlying substantive

crime(s).  "Obstruction of justice and the offenses underlying the obstruction are part of the same

act or transaction" and thus it is proper to join them together.  U.S. v. Fumo, 2008 WL 109667,

at *1 (E.D.Pa. Jan 9, 2008) (citing Moore's Federal Practice § 608.02[4][a] (3d ed. 1997))

(holding that joinder of offenses was proper where "[t]he goal of the alleged obstruction was

apparently to thwart every aspect of the federal investigation" and the indictment charged as

much); see also United States v. Hynson, 2009 WL 1674423, at *6–7 (E.D.Pa. Jun.11, 2009) (finding that a witness intimidation count was properly joined with extortion and RICO counts).

Further, misjoinder is governed by the harmless error rule. U.S. v. Lane, 474 U.S. 438, 446 n. 8 (1986) ("Improper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial."). The question of prejudice hinges on if a jury can "compartmentalize" the evidence as it relates to each separate count, considering the volume of evidence and limited admissibility. See United States v. Davis, 397 F.3d 173, 182 (3d Cir.2005).

Pursuant to Rule 14(b) and United States v. Gorecki, 813 F.2d 40 (3d Cir. 1987), on September 10, 2015, this Court held an *in camera* hearing to hear Defendant's proposed testimony on Count 24. Defendant provided the Court with a preview of his defense as well as an explanation as to why he would like to testify in his own defense as to Count 24 while remaining free not to testify as to the remaining charges in the Third Superseding Indictment. As has been disclosed to the Government by Defense Counsel, in order to defend Count 24, Defendant plans to reveal he was incarcerated at the time of the conduct forming the basis for that charge. Defendant contends his incarceration provides context for his behavior and, therefore, there is no way to exclude a reference to his incarceration.

The Court finds Count 24 properly joined with the remainder of the indictment. There is nothing inherently prejudicial about combining an obstruction of justice charge with the underlying substantive charges. Further, none of the evidence proffered by Defendant at the *in camera* hearing creates the type of inherent prejudice contemplated by the concept of misjoinder. The Court does acknowledge the potential prejudice inherent in Defendant's disclosure of his

incarceration. The Court observes, however, that regardless of whether Defendant testifies in his defense only as to Count 24 or at a trial on all charges, that prejudice would attach. Nevertheless, the Court believes that in the interest of fairness, Defendant should be free to choose which jury learns of his incarceration. Should Defendant wish to testify in his defense only with respect to Count 24, the Court would be willing to entertain a motion to sever. The Court reminds Defendant that if severance is granted, it is this Court's intention to proceed first with the trial of Count 24 and, should a jury find him guilty on Count 24, allow the Government to submit that guilty verdict into evidence in the subsequent trial of the remainder of the indictment. [1] Because the jury would ordinarily have heard the obstruction of justice charge along with the rest of the indictment, this protects against any potential "gaming" of the system, and ensures that this was not merely a trial strategy to avoid having the jury hear the obstruction charge alongside the remainder of the indictment.

If Defendant intends to file a motion to sever, he must do so **no later than October 19, 2015**. Any response from the Government shall be filed **no later than November 2, 2015**.

October 5, 2015                                    s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1]     If severance is granted and Defendant is found guilty of obstruction of justice, the Court would envision that the Government could put on some evidence of the circumstances of that obstruction, including, but not limited to, the parties involved and the nature of the threats. As such, the Court contemplates coordination between the parties to eliminate references to Defendant's incarceration at the trial on the remaining counts of the indictment.