IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>) | Criminal Action No. 14-158 |
| v. )<br>) | Judge Cathy Bissoon |
| ZUNED SUNESRA, )<br>)<br>Defendants ) | |

**ORDER**

AND NOW, this 19th day of January, 2016, upon consideration of Defendant Zuned Sunesra's Motion to Dismiss the Indictment for Violation of the Speedy Trial Act and the Sixth Amendment (**Doc. 224**), it is hereby ORDERED that said Motion is DENIED.

In furtherance of Defendant's position that his rights under the Speedy Trial Act have been violated, he makes a number of arguments in the instant motion that the Court has already considered and dismissed in previous Orders. See Court Orders Dated February 20, 2015, August 18, 2015 (Doc. 201) and September 11, 2015 (Doc. 208). Specifically, he argues that the ends of justice have not been served by the period of delay from the time of Defendant Zuned Sunesra's incarceration to the scheduled trial date, February 8, 2016, and do not outweigh the interests of the public and Defendant in a speedy trial. See generally Doc. 224. Defendant makes a variety of allegations in support of his position, though some of his arguments are contradictory. For example, Defendant claims, on the one hand, that the Government was not diligent in its preparation and, thus, not entitled to any delays and/or continuances, while at the same time asserting that the Government was fully prepared to go to trial in November of 2014. Compare Doc. 224 ¶ 13 with ¶ 14.

In response, the Government correctly points out that this Court has designated this case as extended and complex, (doc. 243 at 2; docs. 207 and 208) and that as such, this period of delay is fully justified. Doc 243 at 2. The Government explains that a voluminous amount of evidence was seized at the time of arrest. Doc. 243 at 2. This case required the Government to obtain evidence located overseas – a lengthy and complicated process. Id. Finally, the Government argues that Defendant has not met the standard of showing "negligence" on the part of the Government or "particularized trial prejudice," as is required by Dogget v. United States, 505 U.S. 647, 657 (1992). Id.

Having previously designated this case as extended and complex, this period of delay is fully justified. Nothing that Defendant cites suggests any negligence on the part of the government or particularized prejudice. As the Court previously noted, this case involves an alleged conspiracy spanning eight years and discovery involving fourteen different websites, a complicated payment scheme, six hundred thousand e-mails and thousands of additional documents, both foreign and domestic. Additionally, the defense has previously argued this case presents nuanced questions of knowledge, intent, willfulness and misrepresentations, and that it requires the careful scrutiny of documents. All of these facts taken together support the justification for the delay in this matter. Simply put, this is a complicated prosecution and the Government is entitled to conduct reasonable post-indictment diligence in order to prepare its case.

Defendant also argues that the amount of time he has spent in pretrial incarceration violates his Sixth Amendment rights under the Constitution, as interpreted by the U.S. Supreme Court in Barker v. Wingo. Doc. 224 ¶ 16.

Determining whether a delay has violated a Defendant's right to a speedy trial requires a case-by-case analysis. After reviewing the Barker v. Wingo factors, "length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant," the Court concludes there is no constitutional violation. 407 U.S. 514, 530 (1972). The Court agrees with the Government that the only factor weighing in Defendant's favor is that he has asserted his right to a speedy trial. The length of delay, the reasons for delay and asserted prejudice factors simply do not support a finding of a constitutional violation.

Here, the length of delay is not inconsistent with other similarly complex matters. See United States v. Zhang, No. CRIM.A. 12-498, 2014 WL 5 285928 (E.D. Pa. Oct. 16, 2014), aff'd (Dec. 4, 2014) (two years); United States v. Harris, No. CRIM. 09-305, 2011 WL 1660573, at *5-6 (W.D. Pa. May 3, 2011) (19 months). As for the reason for the delay, as the Court noted above, and as the Government explains:

> "[T]his is a multi-defendant, international drug distribution and smuggling conspiracy, which involves a massive amount of electronic and documentary evidence, some of which was not available to the Government until it was takin from the defendant at the time of his arrest, and some of which was hidden overseas."

Doc. 243 at 4. Such complexity justifies the reason for the delay. Finally, Defendant has not shown sufficient evidence to establish specific or presumptive prejudice resulting from this delay. He has not demonstrated extraordinary or substandard conditions of confinement, nor does the length of his pretrial incarceration, standing alone, establish constitutional prejudice. United States v. Battis, 589 F.3d 673, 682 (3d Cir. 2009). Defendant additionally argues that his incarceration impairs his ability to prepare for trial. Doc. 224 ¶ 21. This too is unpersuasive. The challenges referenced by Defendant are not unique and not grounds for the Court to determine that Defendant's constitutional rights have been violated.

Finally, Defendant argues that pursuant to 18 U.S.C. § 3164 the 90-day detention clock has run and that the Court must automatically review the conditions for release. Doc. 224 at ¶ 26-29. This request is likewise denied. Because this Court holds that for the reasons previously stated, there is no violation of 18 U.S.C. § 3164(b), as all of the excludable time has been justified, Section 3164(c) has not been triggered.


January 19, 2016                                          s\Cathy Bissoon
                                                                                                   Cathy Bissoon
                                                                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record