IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-158 |
| | ) | |
| ZUNED SUNESRA | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Conor Lamb, Assistant United States Attorney for said District, and respectfully files the following memorandum:

1. On January 29, 2016 – nearly seven months ago – the defendant pled guilty to three counts of the Third Superseding Indictment. His plea agreement obligated him to "forfeit to the United States . . . $1,200,000.00 due no later than fourteen days prior to sentencing." Plea Agr. ¶ A.2. The agreement also stated that "any failure by Zuned Sunesra to provide complete forfeiture under the terms of this agreement allow [sic] for the government to revoke this agreement and to fully reinstitute all charges against the defendant." *Id.* ¶ C.5.

2. The funds were first due on May 20, 2016, and the defendant did not pay them. In anticipation of the defendant's failure to meet the deadline, undersigned counsel requested an extension of time to file this memorandum. The parties anticipated that only one extension was required in order to resolve some technical obstacles to the forfeiture, and the defendant himself requested a 90-day extension.

3. The funds became due a second time on August 25, 2016, nearly seven months after the defendant agreed to forfeit them. Once again, the deadline has come and gone. These funds never belonged to the defendant in the first place, *see Caplin & Drysdale, Chartered*

*v. United States*, 491 U.S. 617, 627 (1989), yet approximately half of the amount due remains unpaid. Therefore, the Government must continue to reserve its right to revoke the defendant's plea agreement under paragraph C.5.

4. To be clear, certain properties and a minor amount of cash have been transferred to the United States. It also appears that the defendant's family members have made an effort to transfer the remaining funds from a bank in Hong Kong, but they have not reached the proper United States account.

5. Counsel for the defendant appear to be working to solve the problem, which is complicated by many factors, including the international nature of the transfers. However, it bears repeating that the defendant has had seven months to accomplish this, and one previous extension of the Court's time, but the defendant still has not met his obligation. If he does not fully satisfy the plea agreement, the Government can and will revoke it.

6. At this time, the Government does not request a continuation of the sentencing hearing. Assuming that the sentencing proceeds as scheduled, the Government requests that the Court sentence the defendant according to the stipulation in the plea agreement, which provides for a term of imprisonment of thirty months, a term of supervised release of one year, no fine, and a special assessment of $300.00. Plea Agr. ¶ C.4.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

s/ Conor Lamb
CONOR LAMB
Assistant U.S. Attorney
PA ID No. 304874